**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Leyosha Smith,                                             ) | CV 20-0210-TUC-DCB (LAB) |
|                          Plaintiff,                         ) | |
| v.                                                          ) | |
|                                                             ) | **ORDER** |
| American Red Cross; Eric Decair; and Bonnie) | |
| Tanner,                                                     ) | |
|                                                             ) | |
|                          Defendants.                        ) | |
| _____) | |

Pending before the court is a motion to dismiss pursuant to Fed.R.Civ.P 12(b)(6), filed on May 22, 2020, by the defendants.  (Doc. 5)

The case has been referred to Magistrate Judge Bowman for pretrial proceedings pursuant to LRCiv. 72.  (Doc. 10)

The plaintiff in this action, Leyosha Smith, asserts that she was "unlawfully terminated" by the defendants for "retaliation and personal perceptions" in violation of the Arizona Employment Protection Act (AEPA) § 23-1501.  (Doc. 1-3, pp. 7-8)  The action was originally filed in Pima Count Superior Court.  On May 15, 2020, the defendants removed the action pursuant to 36 U.S.C. 300105(a)(5), which gives this court jurisdiction over actions that name the American Red Cross as a party.  (Doc. 1, p. 3)

In the pending motion, the defendants move that the court dismiss the complaint pursuant to Fed.R.Civ.P. 12(b)(6) for failure to state a claim upon which relief can be granted.  (Doc. 5)  The court ordered the plaintiff to file a response, but she has not done so.  (Doc. 11)

1   Discussion

2   "A Rule 12(b)(6) motion tests the legal sufficiency of the claim." *Cook v. Brewer*, 637

3   F.3d 1002, 1004 (9th Cir. 2011).  The claim must allege a legally cognizable theory of relief and

4   include factual allegations sufficient to support that theory.  *Hinds Investments, L.P. v. Angioli*,

5   654 F.3d 846, 850 (9th Cir. 2011).

6   "[O]n a motion to dismiss, the court presumes that the facts alleged by the plaintiff are

7   true." *Brown v. Elec. Arts, Inc*., 724 F.3d 1235, 1247 (9th Cir. 2013).  The court need not,

8   however, "assume the truth of legal conclusions cast in the form of factual allegations." *Id*. at

9   1248.

10   To survive the motion to dismiss, "[f]actual allegations must be enough to raise a right

11   to relief above the speculative level . . . on the assumption that all the allegations in the

12   complaint are true even if doubtful in fact." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555,

13   127 S.Ct. 1955, 1965 (2007) (internal punctuation omitted).  "[A] well-pleaded complaint may

14   proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and that

15   a recovery is very remote and unlikely." *Id.* at 556, 1965 (internal punctuation omitted).

16   In the pending motion, the defendants argue, among other things, that the Complaint fails

17   to state facts that constitute a viable claim under the AEPA.  They are correct.

18   The AEPA reads in pertinent part as follows:

19   3. An employee has a claim against an employer for termination of employment
     only if one or more of the following circumstances have occurred:

20

21   (a) The employer has terminated the employment relationship of an employee in
     breach of an employment contract . . .

22   (b) The employer has terminated the employment relationship of an employee in
     violation of a statute of this state. . . .   including the following:

23

     (i) The civil rights act prescribed in title 41, chapter 9.1, [§ 41-1401 et seq.]

24
                              *        *        *
25

26   (c) The employer has terminated the employment relationship of an employee in
     retaliation for any of the following:

27

28                                          - 2 -

1

2

> (i) The refusal by the employee to commit an act or omission that would violate the Constitution of Arizona or the statutes of this state.

3

> (ii) The disclosure by the employee in a reasonable manner that the employee has information or a reasonable belief that the employer, or an employee of the employer, has violated, is violating or will violate the Constitution of Arizona or the statutes of this state to either the employer or a representative of the employer . . . .

4

5

A.R.S. § 23-1501(A).

6

> The Complaint itself is very brief and contains the following allegations:

7

> On 9-26-19 Eric Decair and Bonnie Tanner wrongfully terminated me after 7.5 years out of for [sic] retaliation and personal perceptions.  During employment I was harassed by supervisor and accused of using drugs.  I was not treated equally and fairly from [sic] manager and supervisor.  During employment I was targeted and harassed for ethnic hair styles.

8

9

10

(Doc. 1-3, pp. 7-8)  In the section of the Complaint form that asks for "Applicable Law

11

Supporting Claims" the plaintiff wrote "Employment Protection Act 23-1501 [AEPA]" and

12

"ARS 13-2921 [Harassment; classification; definition]"  (Doc. 1-3, p. 8)

13

The Complaint cites to the AEPA specifically, but the allegations in the Complaint do

14

not support an AEPA claim.  The plaintiff states that she was terminated out of "retaliation" but

15

she does not state that she "refus[ed] . . . to commit an act or omission that would violate the

16

Constitution of Arizona or the statutes of this state."  *See* A.R.S.§ 23-1501(A)(3)(c)(i).  Neither

17

does she state that she made a "disclosure . . . that the employee has information . . . that the

18

employer, or an employee . . . has violated . . . the statutes of this state . . . ." *See* A.R.S.§ 23-

19

1501(A)(3)(c)(ii).

20

The defendants suggest that the plaintiff might be trying to allege that she was terminated

21

in violation of the Arizona Civil Rights Act (ACRA), A.R.S. § 41-1408.  *See* A.R.S. § 23-

22

1501(A)(3)(b)(i).  The ACRA forbids discrimination on the basis of "race, color, religion, sex,

23

age or national origin or on the basis of disability."  A.R.S. § 41-1463 (B)(1).  The plaintiff,

24

however, does not allege that any of those factors was behind her dismissal.

25

The court further notes that the Complaint cites to A.R.S. § 13-2921, which is the

26

criminal statute defining "Harassment."  This statute explains, among other things, that "A

27

28

1   person commits harassment if, *with intent to harass or with knowledge that the person is*

2   *harassing another person*, the person . . . [r]epeatedly commits an act or acts that harass another

3   person." A.R.S. § 13-2921 (A)(3) (emphasis added). The Complaint does not state facts that

4   would support an allegation that the plaintiff was harassed in accordance with this statute. And

5   even if it did, a private party may not enforce a criminal statute through a civil action. *Howard*

6   *v. Hill*, 2007 WL 196904, at *5 (D. Nev. 2007) ("Plaintiff's claims under this section cannot

7   be maintained because he is a private party attempting to enforce a purely criminal statute.");

8   *Jamali v. Hyatt*, 2016 WL 1158294, at *3 (Ariz. Ct. App. 2016) (not for publication) (noting

9   that, pursuant to Ariz.R.Crim.P. 2.1 and 2.2, "criminal actions may only be commenced by

10  information, indictment, or complaint, none of which may be filed by a private citizen").

11         The Complaint fails to allege a legally cognizable theory of relief and include factual

12  allegations sufficient to support that theory. *See Hinds Investments, L.P. v. Angioli*, 654 F.3d

13  846, 850 (9th Cir. 2011). Accordingly,

14

15         IT IS ORDERED that the motion to dismiss pursuant to Fed.R.Civ.P 12(b)(6), filed on

16  May 22, 2020, by the defendants is GRANTED. (Doc. 5) The Complaint is dismissed with

17  leave to amend.

18         The deadline for filing an Amended Complaint is September 11, 2020. If the plaintiff

19  fails to file a timely amended complaint, this action may be dismissed without further notice.

20

21         DATED this 19th day of August, 2020.

22

23

24

25                                          _____
                                            Leslie A. Bowman
26                                          United States Magistrate Judge

27

28                                          - 4 -